J. Mark Gibb (5702)
John R. Richardson (18098)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
mark.gibb@dentons.com
johnny.richardson@dentons.com

*Attorneys for Plaintiff Get Away Today, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| GET AWAY TODAY, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MUSIC L.A.A., INC. d/b/a LAA MUSIC, a New York corporate entity; PR1ME SOUND LLC d/b/a PR1ME SOUND, a New York limited liability company; and JUSTIN GOLDMAN, an individual,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Case No.: ____________<br><br>Judge: ____________ |

## INTRODUCTION

1. This is an action for declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Plaintiff Get Away Today, Inc. ("Get Away Today") seeks a judicial declaration that it has not infringed any copyright owned or controlled by Defendants Music LAA, Inc. d/b/a LAA Music ("LAA Music"), Pr1me Sound LLC d/b/a Pr1me Sound ("Pr1me Sound"), or Justin Goldman ("Goldman") (collectively, "Defendants") in connection with a TikTok video posted by third-party content creator Tia Stokes.

2. This action arises from a demand letter sent by Goldman on September 6, 2026, accusing Get Away Today of unauthorized commercial use of the song "Gang Gang" in a TikTok video and demanding $150,000. Upon information and belief, the song "Gang Gang" by Chef Boy was published on February 4, 2025. Goldman's demand, combined with his explicit threats to file suit, has created an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THE PARTIES

3. Plaintiff Get Away Today, Inc. is a corporation organized and existing under the laws of the State of Utah, with its principal place of business in the State of Utah. Get Away Today is a family-owned vacation-booking company that assists consumers in planning and booking travel, including vacation packages to destinations such as Walt Disney World and other attractions.

4. Upon information and belief, Defendant Music L.A.A., Inc., doing business as LAA Music, is a corporate entity organized and existing under the laws of the State of New York with its office at 429 Atlantic Ave., Freeport, NY 11520. Upon information and belief, LAA Music is a music management, publishing, and artist development company co-founded by Defendant Goldman and Zac Hiller.

5. Upon information and belief, Defendant Justin Goldman is an individual who, upon information and belief, is domiciled in or at least near the State of New York. Goldman is the co-founder of LAA Music and sent the demand emails at issue in this action from the email address justin@pr1mesound.com. Goldman has a history of pursuing copyright infringement claims in federal court. According to publicly available sources, including his Forbes profile,

Goldman is a music industry professional who has negotiated millions in record and publishing deals for hip-hop artists including Flo-Milli, Yung Gravy, and Jashiah through his management company PRIME SOUND (also known as Pr1me Sound). Upon information and belief, Goldman's clients allegedly have amassed more than two billion streams. Goldman was named to the Forbes 30 Under 30 (Music) list in 2021. Goldman also founded JustGold Recordings, a separate record label distributed by Caroline, a division of the Capitol Music Group.

6. Upon information and belief, Defendant Pr1me Sound LLC, doing business as Pr1me Sound, is a limited liability company organized and existing under the laws of the State of New York, with its registered address c/o Justin Goldman at 650 West End Avenue, 4C, New York, New York 10025. Goldman sent the demand at issue from the email address justin@pr1mesound.com, and a Pr1me Sound email address (business@pr1mesound.com) was copied on the demand. Upon information and belief, Pr1me Sound is an entity owned, controlled, or operated by Goldman, or is otherwise affiliated with Goldman and LAA Music. The registration of Pr1me Sound at Goldman's address further supports this conclusion. Despite being asked to clarify the relationship between Pr1me Sound and LAA Music, Goldman has not done so. Pr1me Sound is named as a defendant because Goldman used a Pr1me Sound email address to send the demand and to communicate the threat of litigation on behalf of LAA Music, and the relationship between Pr1me Sound and LAA Music, and their respective interests in the song "Gang Gang," remains unclear.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (copyright), and 28 U.S.C. § 2201 (Declaratory Judgment Act). This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. Goldman demanded $150,000 in his September 6, 2026 demand and subsequently demanded $125,000 as his "best and final" offer. The maximum statutory damages for willful copyright infringement under 17 U.S.C. § 504(c)(2) are $150,000 per work. Goldman has expressly threatened to pursue "all available relief." The amount in controversy therefore exceeds the jurisdictional threshold.

9. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201. As set forth in detail below, Defendants have accused Get Away Today of copyright infringement, demanded $150,000 in damages, set a response deadline, and explicitly threatened to file suit if Defendants' demands are not met. These facts show a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Substantial events material to the claims occurred in this District, and venue need not be in the district with the most substantial events.

11. Get Away Today is headquartered in Utah and conducted its business operations giving rise to this dispute from this District. The alleged infringing TikTok video by Tia Stokes

promoted Get Away Today's Utah-based vacation-booking services. Goldman directed his demand and all subsequent communications to Get Away Today in Utah, and Get Away Today's settlement communications were sent from Utah. The harm alleged by Defendants, if any, was suffered by a Utah company operating from this District.

## FACTUAL ALLEGATIONS

### *The Parties' Business Activities*

12. Get Away Today is a family-owned vacation-booking company based in Utah. The company assists consumers in planning and booking travel, including vacation packages to destinations such as Walt Disney World and other attractions. Get Away Today's principal officers include Julie Smith (CEO), Chuck Smith (President), Jennifer Dunyon (COO), and Nick Smith (VP of Sales).

13. Upon information and belief, LAA Music is a music management, publishing, and artist development company with its principal office at 30654 Lake Point Dr, Menifee, CA 92584. In May 2026, LAA Music finalized a global strategic partnership with Kobalt Music, a leading independent music publisher. At the time of that partnership, LAA Music's catalog had reached over 4 billion streams across digital streaming platforms.

14. Upon information and belief, Goldman is the co-founder of LAA Music and has an active litigation history, including copyright infringement actions against DDG/Sony Music Entertainment, Sony Music Entertainment, Rebel Music LLC, Create Music Group, Swing Juice, Rogers Communications, and TelevisaUnivision, Inc.

***The TikTok Video***

15. On a date prior to September 6, 2026, a TikTok video was posted on the account of Tia Stokes (@thetiabeestokes). The video referenced Get Away Today's vacation-booking services, including promotional details about room rates and children's ticket prices.

16. The TikTok video was posted on Ms. Stokes' own TikTok account. Get Away Today provided Ms. Stokes with a trip to a Disney park to promote Get Away Today's vacation-booking services. There was no written contract between Get Away Today and Ms. Stokes governing the trip, the promotional content, or the music to be used in any social media post. Get Away Today did not direct, approve, or have control over the specific content Ms. Stokes posted, including the selection or incorporation of any music in the TikTok video.

17. Get Away Today maintains a standard influencer notice letter, revised November 16, 2023. Upon information and belief, Get Away Today provided Ms. Stokes with a copy of the influencer notice in connection with her sponsored trip. The notice instructs attendees that they "are required to clearly and prominently disclose that [they are] receiving compensation or other benefits when reviewing or commenting on products or services in blogs, websites, social networking sites or other media," consistent with the Federal Trade Commission's Guides Concerning the Use of Endorsements and Testimonials in Advertising, 16 C.F.R. Part 255. The notice further provides specific brand guidelines for content posted in connection with Disney activations, including the instruction that attendees are "responsible for obtaining consents from all third parties." Upon information and belief, the notice placed the obligation to obtain any required third-party consents, including music licenses, on the content creator, not on Get Away Today.

18. Upon information and belief, the TikTok video incorporated audio from a song titled "Gang Gang," in which Defendants claim to own copyright interests.

***Goldman's Demand Letter***

19. On September 6, 2026 at 4:06 p.m., Goldman sent the demand by email from the address justin@pr1mesound.com to multiple Get Away Today email addresses: getaway@getawaytoday.com, jsmith@getawaytoday.com, csmith@getawaytoday.com, jdunyon@getawaytoday.com, ddunyon@getawaytoday.com, and julibarri@getawaytoday.com; and to tiabee@influencebyma.com, which, upon information and belief, is an email address associated with Tia Stokes or her agency, Influence by MA. The demand copied business@pr1mesound.com. The email was sent on behalf of LAA Music but from an email address associated with a different entity, Pr1me Sound.

20. In the demand, Goldman asserted that LAA Music "owns and controls copyright interests in the song 'Gang Gang'" and that the song "was used without authorization in TikTok content expressly advertising Get Away Today's vacation-booking services."

21. Goldman characterized the TikTok video as "direct commercial advertising, not personal or incidental use," and stated that "LAA Music did not authorize Get Away Today, Tia Stokes, or any influencer, affiliate, agency, contractor, or promotional partner to synchronize or otherwise commercially exploit 'Gang Gang' in this advertisement."

22. Goldman demanded that Get Away Today pay $150,000 and set a response deadline of 5:00 p.m. ET on September 10, 2026.

23. Goldman further stated: "Absent a timely and substantive effort to resolve this matter, LAA Music is prepared to pursue the responsible parties and all available relief without further notice."

24. Goldman's demand included a broad evidence-preservation notice requiring the preservation of the TikTok post, original video and audio files, drafts, project files, campaign instructions, agreements, invoices, payments, affiliate and referral records, communications concerning music selection and approval, TikTok analytics, impressions, engagement data, and conversion and booking information.

25. The demand was designated as made under Federal Rule of Evidence 408 for settlement purposes.

***Get Away Today's Response and Goldman's Threat to File Suit***

26. On September 9, 2026, Jennifer Dunyon, Get Away Today's COO, sent a response to Goldman before the September 10 deadline. The response acknowledged receipt of the demand, expressed genuine interest in finding a fair resolution, stated that Get Away Today was not in a position to agree to the conditions in the demand, requested an extension of time to September 24, 2026, and asked Goldman to confirm the extension. The response referenced the fact that the video was posted by third-party content creator Tia Stokes, stated that Get Away Today would retain all related materials, and designated Dunyon as Get Away Today's point of contact.

27. In the same response, Get Away Today also asked Goldman to clarify the relationship between Pr1me Sound and LAA Music, noting that the demand was sent on behalf of LAA Music but from a Pr1me Sound email address.

28. On September 9, 2026, Goldman replied: “I can extend until 9/15 at the latest. Without a resolution by then, we’ll file. We own an interest in the song and your product is being advertised. It’s pretty self explanatory.”

29. Goldman’s September 9 reply provided only five additional days (to September 15, 2026) rather than the two weeks requested, and explicitly threatened to file suit if the matter was not resolved by that date. Notably, Goldman stated only that “[w]e own an interest in the song,” rather than asserting outright ownership of the copyright. Goldman did not identify whether “we” referred to himself, LAA Music, Pr1me Sound, or some other entity. Goldman did not address the Pr1me Sound/LAA Music question, did not provide documentation of any copyright registration, and did not respond substantively to any issue raised in Get Away Today’s response.

***The September 15 Communications***

30. On September 15, 2026, Get Away Today sent a second email to Goldman through Jennifer Dunyon. In this email, Get Away Today stated that it had reviewed the video and wanted to resolve the dispute fairly. Get Away Today offered to ask Tia Stokes to take down the TikTok post and preserve it in whatever manner Goldman requested. Get Away Today asked Goldman to provide the copyright registration number and date for “Gang Gang” and confirmation of LAA Music’s ownership interest. Get Away Today also informed Goldman that the video was posted on June 4, 2026, and had approximately 546 likes and 10,300 views. Get Away Today offered to settle for a payment of $15,000 to the entity Goldman designated, with a confidentiality provision and mutual releases by Goldman, LAA Music, Pr1me Sound, and Get Away Today.

31. Later on September 15, 2026, Goldman rejected Get Away Today's $15,000 offer and countered at $125,000, which he characterized as "best and final." Goldman stated: "It will expire tomorrow at 5 EST." Goldman also stated: "We have gotten $150k from multiple different companies regarding this song and are willing to make the concession here if we can close out quickly at $125k." Goldman stated: "Please let me know if you have a substantive response by morning or we will proceed with filing on Thursday." Goldman did not provide the copyright registration number, did not confirm LAA Music's ownership interest, and did not respond to any of Get Away Today's other requests for information.

32. At approximately 8:24 p.m. Eastern Time on September 15, 2026, Jennifer Dunyon asked Goldman: "Could you help us understand how you arrived at the $125,000 figure?" Dunyon also requested clarification on the deadline, noting that Goldman's earlier email stated 5:00 p.m. Eastern but his most recent email stated "by morning."

33. At approximately 8:29 p.m. Eastern Time on September 15, 2026, or 6:29 p.m. Mountain Daylight Time, Goldman responded: "$125k is below the maximum damages and a favor without fees and is way below what we get and have resolved this song for. We can do this in discovery but it will cost more." Goldman refused to substantiate the $125,000 demand and threatened that obtaining the basis for the demand through discovery would increase Get Away Today's costs.

34. Goldman replied on September 15, 2026, stating: "I don't care if you have the post up. You will see a registration certificate as we just expedited it, before we execute an agreement. $125k best and final by morning or we sue."

35. Goldman's statement that he "just expedited" a registration certificate suggests that, upon information and belief, Defendants likely did not hold a valid copyright registration for the song "Gang Gang" at the time Goldman sent his original September 6, 2026 demand. Goldman's statement that Get Away Today would "see a registration certificate" only "before we execute an agreement" further suggests that no registration had been provided to Get Away Today as of that time.

36. The current status of any registration application or certificate remains unclear, as Goldman has not produced a registration certificate or provided a registration number despite repeated requests.

37. Goldman's statement that he does not "care if you have the post up" is inconsistent with the broad evidence-preservation notice in his September 6 demand, which required the preservation of "the post, original video and audio files, drafts, project files, campaign instructions, agreements, invoices, payments, affiliate and referral records, communications concerning the music selection and approval, TikTok analytics, impressions, engagement data, conversion and booking information, and every document concerning any alleged license or authorization." Goldman's September 6 demand also stated: "Removing the post will not remedy the completed use and must not result in the destruction of evidence." Goldman's September 15 statement that he does not care about the post contradicts his own preservation demands.

38. Goldman subsequently confirmed, in a further email on September 15, 2026 at 8:39 p.m. Eastern: "5pm est tomorrow. Like I said before this is a litigation ready case to move forward." Goldman's confirmation that the case was "litigation ready" further demonstrates that

Goldman had been prepared throughout these communications to file suit and had been using escalating litigation threats to coerce a settlement payment.

39. Throughout all of these communications, Goldman did not provide: (a) the copyright registration number or date for "Gang Gang"; (b) confirmation of which entity or entities own the copyright in the song; (c) clarification of the relationship between Pr1me Sound and LAA Music; (d) any explanation of how the $150,000 or $125,000 demand figures were calculated; or (e) any response to Get Away Today's request for guidance on preserving and removing the TikTok post. Goldman refused to provide this information despite repeated requests from Get Away Today, and when asked to explain the $125,000 figure, Goldman stated only that it was "below the maximum damages" and a "favor without fees," without providing any methodology, licensing benchmarks, or factual basis for the calculation.

***The Actual Controversy***

40. As a result of Goldman's demand letter, Jennifer Dunyon's September 9 response, and Goldman's September 9 reply, an actual controversy exists between Get Away Today and Defendants concerning whether Get Away Today has infringed any copyright owned or controlled by Defendants in connection with the TikTok video at issue.

41. Goldman's September 6, 2026 demand letter: (a) expressly accuses Get Away Today of unauthorized commercial use of a copyrighted song; (b) demands $150,000 in damages; (c) set a response deadline; (d) threatened to "pursue the responsible parties and all available relief without further notice"; (e) imposed a broad evidence-preservation obligation; (f) subsequently reduced his demand to $125,000 as a "best and final" offer; (g) repeatedly threatened to file suit, including stating "$125k best and final by morning or we sue"; (h) was

followed by Goldman's later statement that a copyright registration had been "just expedited," suggesting, upon information and belief, that Defendants likely did not hold a valid copyright registration at the time of the original demand; and (i) refused to provide basic information about copyright ownership, registration, and damage calculations despite repeated good-faith requests from Get Away Today.

42. Goldman's September 9, 2026 reply explicitly threatened to file suit: "Without a resolution by then, we'll file."

43. Goldman's September 9 reply also raised questions about the nature and extent of Defendants' rights in the song "Gang Gang." Goldman stated only that "[w]e own an interest in the song," which is materially different from a claim of copyright ownership. Goldman did not identify the nature of the "interest," did not specify which entity holds the interest, and did not clarify whether the interest is sufficient to confer standing to assert a claim of copyright infringement. The ambiguity surrounding Defendants' claimed rights further supports the need for a judicial declaration.

44. Under the applicable standard, this combination of facts—a written demand letter asserting copyright infringement, a demand for $150,000, a response deadline, and an explicit threat to file suit—establishes an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. A declaratory plaintiff need not expose herself to liability before filing a declaratory judgment action.

46. Goldman has not issued any covenant not to sue or otherwise withdrawn his threat of litigation.

### *Additional Defenses*

47. Goldman's conduct throughout the parties' communications supports the defense of unclean hands. In the Tenth Circuit, unclean hands requires a showing that the party seeking equitable relief is (1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants.

48. The Tenth Circuit has further held that the conduct must be related to the plaintiff's cause of action.

49. Goldman requested a broad evidence-preservation notice on September 6, 2026, requiring Get Away Today to preserve the TikTok post and stating that "[r]emoving the post will not remedy the completed use and must not result in the destruction of evidence." Goldman then reversed course on September 15, 2026, stating "I don't care if you have the post up." Goldman refused to provide basic documentation of copyright ownership and registration despite repeated requests, stated that a copyright registration had been "just expedited" (suggesting, upon information and belief, that Defendants likely did not hold a valid copyright registration when the demand was sent), refused to explain the Pr1me Sound/LAA Music relationship, refused to provide any factual basis for his $125,000 demand, and, when asked how he arrived at that figure, responded, "We can do this in discovery but it will cost more."

50. Goldman also escalated his threats of litigation while characterizing his $125,000 demand as a "favor," and confirmed that the case was "litigation ready to move forward." This conduct is directly related to the matter at issue and supports a finding of bad faith.

51. Goldman is not an unsophisticated party. He is a music industry professional who, according to publicly available sources including Forbes, has negotiated millions in record and publishing deals, was named to the Forbes 30 Under 30 (Music) list in 2021, and founded both PRIME SOUND and JustGold Recordings.

52. Goldman appears to have experience in copyright licensing and enforcement. His refusal to provide standard pre-litigation documentation, including registration numbers, ownership proof, and damage calculations, is particularly indicative of bad faith given his professional experience and sophistication in the music industry.

53. Goldman's statement that he does not "care if you have the post up" constitutes a basis for the defenses of lack of damages and/or failure to mitigate damages. In the Tenth Circuit, a plaintiff has a duty to mitigate damages when seeking actual damages. Goldman's express statement that he is indifferent to the continued availability of the TikTok post undermines any claim that the continued public display of the video is causing ongoing harm to Defendants. Goldman cannot simultaneously demand $125,000 in damages and disclaim any concern about the continued availability of the allegedly infringing content.

54. Goldman's statement that he does not "care if you have the post up" also supports the defenses of estoppel and acquiescence with respect to injunctive relief. When a copyright owner engages in incorrect representations concerning its abstention from suit, and the alleged infringer detrimentally relies on the copyright owner's representation, the doctrine of estoppel may bar the copyright owner's claims completely.

55. District courts in this Circuit have adopted a four-element test for estoppel: (1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend

that its conduct shall be acted on, or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury.

56. Goldman's affirmative statement that he does not care about the continued availability of the post was made in the context of demanding $125,000 and can be construed as a license, waiver or permission. His statement that a copyright registration had been "just expedited" suggests, upon information and belief, that Defendants likely did not hold a valid copyright registration at the time of the demand. These statements constitute conduct that misled Get Away Today regarding the scope of Defendants' actual concerns.

57. A copyright owner who expressly disclaims concern about the continued availability of allegedly infringing content may be estopped from later seeking injunctive relief to compel removal of that content. Get Away Today is entitled to a declaratory judgment that Defendants are estopped from seeking injunctive relief with respect to the TikTok post.

58. Goldman's demand did not include, reference, or attach documentation of any copyright registration for the song "Gang Gang." Goldman sent the demand from a Pr1me Sound email address (justin@pr1mesound.com) rather than an LAA Music email address, and a Pr1me Sound email address (business@pr1mesound.com) was copied on the demand.

59. Despite being asked, Goldman has not clarified the relationship between Pr1me Sound and LAA Music, or the nature and extent of any entity's copyright interest in "Gang Gang." In his September 9 reply, Goldman stated only that "[w]e own an interest in the song," without specifying the nature of that interest or identifying which entity holds it.

60. On September 15, 2026, Goldman stated that a registration certificate had been "just expedited," suggesting, upon information and belief, that Defendants likely did not hold a valid copyright registration at the time of the September 6 demand or during the parties' prior communications. Goldman stated that Get Away Today would "see a registration certificate" only "before we execute an agreement," but no registration has been produced to Get Away Today.

61. Goldman sent the September 6 demand from a Pr1me Sound email address on behalf of LAA Music, but publicly available sources, including Goldman's Forbes profile, identify Pr1me Sound (also known as PRIME SOUND) as Goldman's own artist management company, not a copyright owner.

62. Goldman also owns JustGold Recordings, a separate record label distributed by Caroline, a division of the Capitol Music Group.

63. It remains unclear whether any copyright interest in "Gang Gang," if one exists, is held by LAA Music, Pr1me Sound, LLC, JustGold Recordings, or another Goldman-affiliated entity.

64. Despite repeated requests, Goldman has not clarified the ownership chain or identified which entity holds the copyright.

65. The proliferation of Goldman-affiliated entities, combined with his refusal to document the chain of ownership, raises substantial questions about whether any Defendant has standing to assert a copyright infringement claim against Get Away Today.

66. Under 17 U.S.C. § 411(a), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

67. Get Away Today is entitled to a declaratory judgment that Defendants lack standing to assert a claim of copyright infringement against Get Away Today with respect to the song "Gang Gang" to the extent Defendants do not hold a valid copyright registration.

68. Upon information and belief and sources on the internet, the song "Gang Gang" by Chef Boy was first published on or about February 4, 2025. Under 17 U.S.C. § 412, no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

69. The three-month window following publication of "Gang Gang" closed on or about May 4, 2025. Goldman stated on September 15, 2026, that a registration certificate had been "just expedited," which suggests, based on Goldman's statements and upon information and belief, that registration was likely not made within three months of first publication.

70. The current status of any registration application or certificate remains unclear. If registration was not made within three months of first publication, Defendants would be barred under 17 U.S.C. § 412 from recovering statutory damages under 17 U.S.C. § 504(c) and attorney's fees under 17 U.S.C. § 505 for any infringement that commenced after February 4, 2025, and before the effective date of registration. Defendants' maximum recovery, if any,

would therefore be limited to actual damages and any profits attributable to the infringement under 17 U.S.C. § 504(b).

71. Goldman's demand of $150,000 and subsequent demand of $125,000 are wholly inconsistent with a reasonable calculation of actual damages for a TikTok video with approximately 546 likes and 10,300 views. The disparity between Goldman's demands and the actual damages available further supports the conclusion that Goldman's demands were not a good-faith effort to resolve a legitimate copyright claim.

72. Get Away Today is entitled to a declaratory judgment that, if registration of the song "Gang Gang" was not timely made under 17 U.S.C. § 412, Defendants are barred from recovering statutory damages and attorney's fees under 17 U.S.C. §§ 504(c) and 505.

## CLAIMS FOR RELIEF

### FIRST COUNT: DECLARATORY JUDGMENT

73. Get Away Today incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

74. Under the Copyright Act, 17 U.S.C. § 501, a claim for copyright infringement requires proof of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.

75. Goldman's demand did not include or reference a copyright registration number for the song "Gang Gang." Under 17 U.S.C. § 410(c), a certificate of registration from the Copyright Office constitutes prima facie evidence of the validity of the copyright. Under 17 U.S.C. § 411(a), registration of the copyright (or refusal of registration) is generally a prerequisite to the institution of a civil action for infringement.

76. Upon information and belief, Get Away Today did not directly infringe any copyright owned or controlled by Defendants. The TikTok video at issue was created and posted by Tia Stokes on her own TikTok account. Although Get Away Today provided Ms. Stokes with a trip to a Disney park to promote its services and upon information and belief, a Get Away Today's influencer notice, there was no written agreement governing the content of any social media post, and Get Away Today did not direct, approve, or control Ms. Stokes' selection or use of any music in the video. Get Away Today did not reproduce, publicly perform, distribute, or synchronize the song "Gang Gang" or any other copyrighted musical work. Ms. Stokes independently selected the music for her TikTok post, and Get Away Today had no knowledge of or involvement in that selection.

77. Under the Federal Trade Commission's endorsement framework, Ms. Stokes was an independent endorser who received a benefit in the form of a sponsored trip and was responsible for creating her own content, including obtaining any necessary third-party consents. Get Away Today's influencer notice, which upon information and belief was provided to Ms. Stokes, expressly placed that responsibility on the content creator. The relationship between Get Away Today and Ms. Stokes was that of an advertiser and an independent endorser under the FTC Guides, not that of a principal and agent.

78. Get Away Today is entitled to a declaratory judgment that it has not infringed, directly or indirectly, any copyright owned or controlled by Defendants in connection with the TikTok video at issue.

**PRAYER FOR RELIEF**

WHEREFORE, Get Away Today respectfully requests that this Court:

A. Enter a declaratory judgment that Get Away Today has not infringed, directly or indirectly, any copyright owned or controlled by Defendants in connection with the TikTok video at issue;

B. Enter a declaratory judgment that Defendants lack standing to assert a claim of copyright infringement against Get Away Today to the extent Defendants do not hold a valid copyright registration for the song "Gang Gang";

C. Enter a declaratory judgment that Defendants are barred by the doctrine of unclean hands from enforcing any copyright in the song "Gang Gang" against Get Away Today;

D. Enter a declaratory judgment that Defendants are estopped from seeking injunctive relief with respect to the TikTok post at issue;

E. Enter a declaratory judgment that, if registration of copyright in the song "Gang Gang" was not timely made under 17 U.S.C. § 412, Defendants are barred from recovering statutory damages under 17 U.S.C. § 504(c) and attorney's fees under 17 U.S.C. § 505 for any infringement of copyright in the song "Gang Gang";

F. Award Get Away Today its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

G. Grant such other and further relief as the Court deems just and proper.

DATED: September 16, 2026.

**DENTONS DURHAM JONES PINEGAR P.C.**

*/s/ J. Mark Gibb*
J. Mark Gibb
John R. Richardson
*Attorneys for Plaintiff*